UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CENESTER BROWN<br>　　　Plaintiff,<br><br>vs.<br><br>WRIGHT SCOTT & ASSOCIATES, LLC<br>　　　Defendant, | Civil Action No.: <u>11-10898</u> |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*I. INTRODUCTION*

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"); Massachusetts Consumer Protection Statute, M.G.L. c. 93A; Regulation of Trade and Certain Enterprises (Debt Collectors), M.G.L. c. 93, §§ 24-28; and Debt Collection in an Unfair, Deceptive or Unreasonable Manner, M.G.L. c. 93, § 49.

*II. JURISDICTION AND VENUE*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here in the District of Massachusetts where the Plaintiff resides.

*III. PARTIES*

3. Plaintiff, Cenester Brown, is a natural person residing in the town of Norwood, in Norfolk County, in the Commonwealth of Massachusetts.

4. Defendant, WrightScott & Associates, LLC ("WrightScott"), is a limited liability company engaged in the business of collecting debts in this state, and others, with its principal place of business located at 300 Red Brook Blvd., Suite 300, Owings Mills, MD 2117.

5. The principal purpose of WrightScott, is the collection of debts using the mails and telephone, and WrightScott regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Beginning in January of 2011 and continuing through February, agents of WrightScott made telephone calls to the Plaintiff in an attempt to collect an alleged debt.

8. WrightScott repeatedly called the Plaintiff at 781-255-7902 or 781-255-8762.

9. WrightScott repeatedly called the Plaintiff at her workplace.

10. The Plaintiff, or the Plaintiff's co-workers and/or supervisors, informed WrightScott that the Plaintiff was not to receive these calls at her workplace, that they were inconvenient, detrimental or distracting to the work, and prohibited.

11. WrightScott ignored Plaintiff's requests that telephone communication cease.

12. Telephone calls were repetitive, placed after hang-ups, and received at work after notice that the Plaintiff could not receive such calls at work

13. Agents of WrightScott failed to provide the statutory "mini-miranda" required by 15 U.S.C. § 1692e(11) during their telephone calls.

14. Agents of WrightScott failed to provide the more lengthy statutory rights mandated by 15 U.S.C. § 1692g.

15. WrightScott did not provide the statutory rights mandated by 15 U.S.C. § 1692g to the Plaintiff in writing within five days of initial contact.

16. Plaintiff requested written verification or validation of the alleged debt.

17. Plaintiff disputed the validity of the alleged debt.

18. WrightScott never provided any written verification or validation of the alleged debt.

19. WrightScott never provided any written disclosures of any kind in connection with their repeated collection attempts of this alleged debt.

20. On or about February 28, 2011 Plaintiff's counsel sent a Demand for Settlement to WrightScott via facsimile transmission to 410-581-7419 and via certified US mail to 300 Red Brook Blvd., Suite 300, Owings Mills, MD 2117.

21. Plaintiff's Demand for Settlement alerted WrightScott to their violations of State and Federal law and offered the opportunity to grant relief and negotiate in good faith.

22. Mr. Donnell Wright is the Registered Agent for Service of Process for WrightScott.

23. Mr. Donnell Wright is an owner of WrightScott.

24. On or about March 14, 2011, Mr. Donnell Wright telephoned Plaintiff's counsel, refused to provide any offer of settlement, demanded an apology, and claimed that he did not violate the FDCPA because notice to cease calling the Plaintiff's workplace had to be in writing.

25. On or about March 31, 2011, Plaintiff sent a reply to WrightScott in response to Mr. Wright's verbal claims.

26. The March 31st Demand stated in pertinent part that Mr. Wright

> "…mentioned that a written request was required to cease calling but unfortunately sir, that is only true of a request to stop calling at one's home, a verbal notice is sufficient to stop calls at work. You can verify this fact with your lawyer or by comparing the text of 15 U.S.C. § 1692c(a)(3) with § 1692c(c)."

27. The March 31st Demand also stated in pertinent part that:

"…since we last spoke, I have searched the Division of Banking records in Massachusetts and could not locate a Debt Collectors' license for the WrightScott. This too is a violation of Massachusetts law subjecting WrightScott to liability for civil damages and attorneys fees. M.G.L. c. 93, §§ 24 to 28."

28. Finally, the March 31st Demand, provided an offer of settlement, reduced when compared to the original Demand.

29. WrightScott thereafter failed to grant relief when confronted with the laws included in Plaintiff's Demand for Settlement.

30. WrightScott therefore refused to grant relief with knowledge and reason to know of their violations.

31. Plaintiff was eventually laid-off from her workplace where she received these repeated debt collection calls from WrightScott.

32. It is unknown whether these repeated debt collection calls at work, and to her supervisor, played any role in the timing of Plaintiff's involuntary departure from work.

### V.   CLAIMS FOR RELIEF

### COUNT ONE

**Wright Scott & Associates LLC, Violated the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692a - § 1692n**

33. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

34. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    a. The Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting the Plaintiff at a time and place known to the Defendant as inconvenient, to wit: her place of employment.

    b. The Defendant violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff at her place of employment with knowledge or reason to know that her employer prohibits such communications.

    c. The Defendant violated 15 U.S.C. § 1692c(b) by disclosing to Plaintiff's supervisor, Daniel P., the existence of the debt and the nature of the call.

    d. The Defendant violated 15 U.S.C. §1692d(5) by causing the Plaintiff's telephone to ring and attempting to engage her in conversation repeatedly or continuously with an intent to annoy, abuse, or harass the Plaintiff.

    e. The Defendant violated 15 U.S.C. § 1692e, § 1692e(4), and § 1692e(5) by threatening to send the Sherriff's department to her work when they had no present intent to do so and when it was not then lawful.

    f. The Defendant violated 15 U.S.C. § 1692e(11) by failing to alert the Plaintiff in their initial communication that any information obtained would be used for the purpose of collecting a debt, and failing to disclose in subsequent communications that the communication was from a debt collector.

    g. The Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the Plaintiff with the required statutory validation notices contained in §§ 1692g(1), 1692g(2), 1692g(3), 1692g(4), 1692g(5).

    h. The Defendant violated 15 U.S.C. § 1692g(b) by failing to acknowledge the Plaintiff's disputes and respond in accordance with the statute.

35. Defendant' acts as described above were done intentionally, knowingly, or willfully, and with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the above violations of the Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## COUNT TWO

### Wright Scott & Associates LLC, Unfair, Deceptive or Unreasonable Collections
### M.G.L. c. 93, § 49

37. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

38. Defendant violated M.G.L. c. 93, § 49 by employing unfair, deceptive or unreasonable collection practices in attempting to collect an alleged debt from the Plaintiff.

39. Defendant' violations of M.G.L. c. 93, § 49 include but are not limited to the following:

    a. The Defendant violated M.G.L. c. 93, § 49(a) by communicating the fact of such debt or alleged debt to a person other than the person who might reasonably be expected to be liable therefore, to wit- Supervisor, Daniel P.

    b. The Defendant violated M.G.L. c. 93, § 49(c) by communicating in such a manner as to harass or embarrass the Plaintiff, including, but not limited to communication with unreasonable frequency at work and with co-workers, and by threats of sending the Sherriff to her workplace, an action which the creditor in the usual course of business does not in fact take.

## COUNT THREE

### Wright Scott & Associates LLC, Consumer Protection Violations
### M.G.L. c. 93A

40. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

41. The Defendant violated M.G.L. c. 93A including but not limited to the following ways:

    **a. Violating M.G.L. c. 93, §§ 24- 28 is a violation of 93A:**

        A. "Failure to comply with any provision of this section or of section twenty-four to twenty-seven, inclusive, or any regulation promulgated in

  accordance with the provisions of section twenty-four shall constitute an unfair or deceptive act or practice under the provisions of paragraph (*a*) of section two of chapter ninety-three A." M.G.L. c. 93, §28.

 B. "No person shall directly or indirectly engage in the commonwealth in the business of a debt collector . . . or receive payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business . . . ." M.G.L. c. 93, § 24A(a).

 C. WrightScott was engaged in the business of debt collection in this Commonwealth without a license or required bond and therefore violated M.G.L. c. 93A by way of M.G.L. c. 93, § 28.

**b. Violating M.G.L. c. 93, § 49, is a violation of 93A:**

 A. As described above, Defendant violated M.G.L. c. 93, §49(a) & § 49(c).

 B. "Failure to comply with the provisions of this section shall constitute an unfair or deceptive act or practice under the provisions of chapter ninety-three A." M.G.L. c. 93, § 49.

 C. Therefore, Defendants violated Chapter 93A, by virtue of violating Chapter 93, § 49.

**c. Violating the FDCPA, is a violation of 93A:**

 A. As described above, Defendant violated various provisions of the FDCPA.

 B. The Fair Debt Collection Practices Act (FDCPA) is found at Title 15 of the U.S. Code, in Chapter 41, of the Federal Consumer Credit Protection Act, Subchapter V, Debt Collections Practices.

 C. "Without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c.93A, s. 2 if . . . (4) It violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other Federal consumer protection statutes within the purview of M.G.L. c. 93A, s. 2." 940 C.M.R. §3.16.

 D. Therefore, Defendants violated Chapter 93A by virtue of violating the FDCPA.

42. Defendant was engaged in the conduct of trade or commerce within the Commonwealth of Massachusetts.

43. Defendant received a detailed demand letter more than thirty days prior to the filing of this action.

44. Defendant refused to grant relief or negotiate in good faith with knowledge or reason to know of their violations.

## COUNT FOUR

### Wright Scott & Associates LLC Violated Plaintiff's Common Law Rights

45. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs.

46. By calling and harassing the Plaintiff at work, and making false statements about the Sherriff, Defendant committed various common law torts, including but not limited to:

    a. Fraud

    b. Assault

    c. Invasion of Privacy

    d. Intentional Infliction of Emotional Distress

    e. Negligent Infliction of Emotional Distress

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   i. Declaratory judgment that Defendant willfully violated the FDCPA, and M.G.L. c. 93A; c. 93, §49; and c. 93, §§24-28.

   ii. Declaratory and injunctive relief for the Defendant's violations of Federal, State, and common law rights;

   iii. Actual damages, compensatory damages, and punitive damages for violations of statutory and common law rights;

    iv.  Statutory damages pursuant to 15 U.S.C. § 1692k and M.G.L. c. 93A.

    v.  Double or Triple damages pursuant to M.G.L. c. 93A.

    vi.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and M.G.L. c. 93A.

    vii.  Pre- and Post-Judgment Interest as allowed by law, rule, or statute.

    viii.  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

 

Respectfully submitted,
Attorney for Plaintiff,

/s/ John F. Skinner, III /s/

---

John F. Skinner, III
Skinner Law PLLC
27 Lowell Street, Suite 301
Manchester, NH 03101
Tel: 603-391-5668
Fax:888-912-1497
AttorneySkinner@gmail.com
BBO# 676768